IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL ANTHONY LOMBARDO,** *Petitioner, pro se*, | : : : | **CIVIL ACTION** |
| v. | : : | **NO. 24-1806** |
| **MAGISTRATE AMY ZANELLI**, *et al.*, *Respondents.* | : : : | |

**O R D E R**

**AND NOW**, this 16th day of October 2025, upon consideration of *pro se* Petitioner Michael Anthony Lombardo's ("Petitioner") *petition for writ of habeas corpus under 28 U.S.C. § 2254*, (ECF 1), Respondents' response in opposition thereto, (ECF 21), and the *Report and Recommendation* issued by United States Magistrate Judge Caroline Goldner Cinquanto, (the "Magistrate Judge"), (ECF 25), to which no objections were filed, and after a careful review of the *Report and Recommendation* it is hereby **ORDERED** that:

(1) The Report and Recommendation is **APPROVED AND ADOPTED**;[1]

---

[1] The following is a brief narrative of the procedural history in this matter. On December 8, 2023, Micheal Lombardo ("Petitioner") was arrested and charged in the Lehigh County Court of Common Pleas with several crimes, including burglary, criminal trespass, theft by unlawful taking, criminal mischief, and fleeing or attempting to elude a police officer. On April 26, 2024, Petitioner, proceeding *pro se*, filed the instant petition for a writ of *habeas corpus* ("the *habeas* petition") pursuant to 28 U.S.C. § 2254, averring that he was: (1) subjected to an illegal search and seizure, (2) falsely arrested, (3) subjected to fabricated and false criminal allegations, as well as (4) there was a failure to make out a *prima facie* standard of evidence at his preliminary hearing, (5) his pre-trial delay has resulted in a due process violation under the 5th Amendment, (6) the delay in his trial has resulted in a denial of his right to a speedy trial, and (7) his bail is excessive. Petitioner was released from prison on December 6, 2024 after posting a reduced bail. Petitioner's trial was scheduled for October 6, 2025.

The *habeas* petition was referred to the Magistrate Judge, who, on August 26, 2025, issued a Report and Recommendation ("R&R"), (ECF 25), recommending that the *habeas* petition be dismissed on the grounds that Petitioner has not exhausted his claims in state court. Petitioner has not filed any objections to the R&R, and the time to do so has expired. Fed. R. Civ. P. 72(b)(2).

In the absence of any objections, the R&R is reviewed under the "plain error" standard. *See Bright v. Bisignano*, 2025 WL 2491610, at *1 n.2 (E.D. Pa. Aug. 4, 2025) (quoting *Harper v. Sullivan*, 1991 WL 24908, at *1 n.3 (E.D. Pa. Feb. 25, 1991). "When reviewing for plain error, we reverse only if the error is

(2) Petitioner's petition for a writ of *habeas corpus*, (ECF 1) is **DISMISSED**; and

(3) No probable cause exists to issue a certificate of appealability.[2]

The Clerk of Court is directed to mark this matter **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

'(1) clear or obvious, (2) affect[ed] substantial rights, and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings.'" *Wilkerson v. Superintendent Fayette State Corr. Inst.*, 871 F.3d 221, 238 (3d Cir. 2017) (alteration in original) (quoting *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007)). This Court has undertaken a thorough and independent review of the record and the R&R and finds that the Magistrate Judge fully considered Petitioner's arguments and properly concluded that Petitioner's claims have not been exhausted pursuant to 28 U.S.C. § 2254(b)(1)(a). Notably, trial was scheduled for October 6, 2025. Additionally, the Magistrate Judge correctly found that the exception to the exhaustion requirement did not apply to Petitioner's speedy trial claim because only twenty-four months will have passed between the time of his arrest and his scheduled trial date. As such, this Court finds no error in the Magistrate Judge's determinations that Petitioner's excessive bail claim was moot (given his release on reduced bail) and that a *habeas* petition is not the proper channel for Petitioner's claims for false arrest and money damages.

In light of these circumstances, this Court finds that the Magistrate Judge did not commit an error that was clear or obvious, which affected Petitioner's substantial rights, or seriously affected the fairness, integrity or public reputation of judicial proceedings. *See Wilkerson*, 871 F.3d at 238. Consequently, this Court agrees with the Magistrate Judge's recommendation, approves and adopts the R&R in its entirety, and dismisses the petition. No hearing on this matter is necessary.

[2]    A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action. Further, Petitioner has not made a substantial showing of the denial of any constitutional right, nor demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Under these circumstances, there is no basis for the issuance of a certificate of appealability.